IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-06-0210-01 |
| | § | |
| STEVEN JAY SCHER | § | (Civil Action No. H-11-0971) |
| | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is a motion filed by the defendant, Steven Jay Scher, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The government has filed a response and motion to dismiss, arguing that Scher is not entitled to relief. (Docket Nos. 118, 119). Scher has not filed a reply and the time to do so has expired. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court **denies** Scher's motion and **dismisses** the corresponding civil action (H-11-0971) for the reasons set forth below.

**I.     BACKGROUND**

On June 13, 2006, a grand jury in this district returned a 5-count indictment against Scher, charging him with conspiracy to commit wire fraud (count 1) and aiding and abetting wire fraud (counts 2-5). At trial, the government presented evidence showing that Scher, who was employed as a travel agent, had engaged in a scheme of "waiver code abuse" that allowed him to exploit the electronic reservation system operated by Continental Airlines for financial gain. The evidence showed that, between March and June of 2001, Scher used unauthorized waiver codes to issue approximately 1,003 airline passenger e-tickets at reduced rates. He charged his customers a price lower than the actual fare, but higher than the unauthorized reduced rate that he was able to obtain with the unauthorized waiver codes. Scher and his accomplices kept the

difference between the reduced rate and the amount his customers paid. As a result of this scheme, Continental lost approximately $1,211,911.00 in revenue.

On June 14, 2007, a jury found Scher guilty on all counts as charged in the indictment. After considering a Pre-Sentence Report prepared by the Probation Office, and arguments by counsel, the Court granted Scher a reduction in sentence for demonstrating acceptance of responsibility and sentenced him to serve 33 months' imprisonment, followed by a 3-year term of supervised release. The Court also directed Scher to pay restitution to Continental.

On direct appeal, Scher complained about the jury instructions and he argued that the calculated amount of Continental's loss was unreasonably inflated. The Fifth Circuit rejected Scher's arguments in an unpublished opinion. *See United States v. Scher*, No. 08-20269 (5th Cir. March 23, 2010) (per curiam).

Scher, who has already been released from prison, now seeks relief from his sentence under 28 U.S.C. § 2255. His sole claim is that he was denied effective assistance of counsel because his defense attorney failed to call witnesses in his defense or prepare adequately for trial. The government argues that Scher is not entitled to relief under 28 U.S.C. § 2255. The parties' contentions are discussed further below under the governing standard of review.

## II. STANDARD OF REVIEW

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a movant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or

jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Id.* Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500 (2003) (holding that ineffective-assistance claims are properly raised on collateral review and not procedurally barred by a failure to raise them on direct appeal).

The defendant proceeds *pro se* in this matter. "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997). Nevertheless, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

### III.   DISCUSSION

Scher seeks relief under 28 U.S.C. § 2255 on the grounds that he was denied his constitutional right to effective assistance of counsel during his trial. Scher was represented

during his criminal proceeding and trial by defense attorney Samantha Mann. Scher complains that his defense attorney was ineffective because she did not call Mr. James Kmec, from "Continental Corporate Security," to testify about whether other travel agencies had been warned about waiver code abuse, but never prosecuted. Scher claims further that his defense attorney should have called other travel agents to testify regarding the fares used to calculate the amount of loss. Scher also claims generally that his counsel was unprepared for trial because she did not understand the travel business. Scher fails to establish a valid claim for reasons set forth briefly below under the legal standard that governs ineffective-assistance claims.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to have the assistance of counsel at trial. *See* U.S. CONST. amend. VI; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). The right to counsel guaranteed by the Sixth Amendment includes "the right to the *effective* assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added). Claims for ineffective assistance of counsel are analyzed under the following two-prong standard:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail under this standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).

The first prong of the governing standard is only satisfied where the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466

U.S. at 687. Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would received less time in prison. *See United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004); *Glover v. United States*, 531 U.S. 198, 203 (2001).

Although Scher asserts that his counsel failed to call certain witnesses on his behalf, he fails to present an affidavit or other sworn account from any of the witnesses he claims that his counsel should have called. The Fifth Circuit has emphasized that unsupported complaints of uncalled witnesses are insufficient to establish ineffective assistance of counsel in a post-conviction proceeding:

> Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. (citation omitted.) Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution.

*Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir.1986); *Marler v. Blackburn*, 777 F.2d 1007, 1010 (5th Cir. 1985); *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir.1984); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978)). To demonstrate the required *Strickland* prejudice on a claim of ineffective assistance in this context,

a defendant "must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). Absent affidavits (or similar matter) from any of the above-referenced witnesses, Scher's claim is speculative and conclusory, and does not demonstrate either deficient performance or resulting prejudice on his defense attorney's part. *See Sayre*, 238 F.3d at 636. Scher does not otherwise allege sufficient detail to establish a viable ineffective-assistance claim on this basis.

In addition, Scher alleges that his defense attorney failed to adequately prepare or investigate and that her cross-examination of the government's witnesses deficient as a result. A defendant who alleges a failure to investigate on the part of his counsel must state with specificity what the investigation would have revealed and how it would have benefitted his defense. *See United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)); *Creel v. Johnson*, 162 F.3d 385, 396 (5th Cir. 1998); *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998). The record shows that Scher's defense counsel was assisted at trial by her investigator. Based on its own recollection of the proceeding, and its review of the trial transcripts, the Court notes that Scher's counsel made cogent arguments, raised appropriate objections, and capably questioned the witnesses in this case. *See Court Reporter's Record*, vols. 1-4, *Jury Trial*, June 12-14, 2007 (Docket Nos. 88-91). Defense counsel appeared well informed at all times during the proceeding, and she made a skillful effort to mitigate the amount of loss attributable to Scher, which drew compliments from the lead prosecutor. *See Court Reporter's Record*, *Sentencing*, April 14, 2008, at 41 (Docket No. 96). Scher does not demonstrate what else his counsel could have done to prepare or, more importantly, how this additional investigation would have benefitted his defense.

To the extent that Scher finds fault with his attorney's cross-examination, the record refutes his claim that defense counsel failed to understand the facts of the case or that her strategy was deficient.[1] Scher does not otherwise articulate facts showing that his counsel's strategy resulted in actual prejudice. *See Day v. Quarterman*, 566 F.3d 527, 540 (5th Cir. 2009) (citing *United States v. Irby*, 103 F.3d 126 (5th Cir.1996) (unpublished) (denying ineffective assistance claim based on counsel's failure "to adequately cross-examine a number of government witnesses" because petitioner "fail[ed] to set forth . . . the possible impact of any additional cross-examination"); *Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying habeas relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support claim that counsel was ineffective for failing to investigate and present evidence)).

In conclusion, Scher does not establish that his defense counsel was deficient for failing to call witnesses or prepare adequately for trial. Nor does he demonstrate that he suffered actual prejudice as the result of his attorney's performance. Absent a showing of deficient performance and actual prejudice, Scher fails to establish a valid claim for ineffective assistance of counsel. It follows that Scher does not demonstrate a valid claim for relief under 28 U.S.C. § 2255.

---

[1] Scher complains that, if his defense counsel had been "up to speed regarding the case and the travel business," she would not have made several statements in which she expressed confusion or "admitted ignorance" about the airline industry. A review of the statements referenced by Scher reflects, however, that counsel made these comments in an effort to get witnesses to explain certain facts about the case in order to clarify the testimony for the jury. *See Court Reporter's Record*, vol. 2, at 80, 98, 116, 148 (Docket No. 89). Scher does not demonstrate that his attorney's performance on cross-examination, which concerns matters of trial strategy and technique, was deficient or that he was denied effective counsel under the governing legal standard.

Accordingly, the government's motion to dismiss will be granted and Scher's § 2255 motion will be denied.

## IV. CERTIFICATE OF APPEALABILITY

The defendant's post-judgment motion for relief from his conviction and sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the defendant does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

**V.  CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The government's motion to dismiss (Docket No. 119) is **GRANTED**.

2. The defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Docket No. 113) is **DENIED**.

3. The corresponding civil action (H-11-0971) is **DISMISSED WITH PREJUDICE**.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties and will file a copy with the docket in Civil Action No. H-11-0971.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas this 22nd day of September, 2011.

_____
Kenneth M. Hoyt
United States District Judge